IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-64,980-01






EX PARTE BILLY RAY HENDERSON, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. W03-34709-W IN THE 363
rd DISTRICT COURT


FROM DALLAS COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of delivery of a
controlled substance and sentenced to imprisonment for life. The Sixth Court of Appeals affirmed
his conviction. Henderson v. State, No. 06-03-00221-CR (Tex. App.-Texarkana, delivered July 1,
2004, no pet.). 

 Applicant contends that his appellate counsel rendered ineffective assistance because, before
he withdrew as appellate counsel, he failed to inform Applicant of his right to file a pro se petition
for discretionary review. In addition, Applicant contends that he was not able to review the trial
record in his case because, shortly after the record was forwarded to the H.H. Colfield Unit, where
Applicant was incarcerated, he was transferred to the Dallas County Jail pursuant to a bench warrant.
As a result, he contends that he was effectively denied his right to appeal.

 On July 26, 2006, we remanded the application and instructed the trial court to make findings
of fact as to whether appellate counsel was ineffective and whether Applicant was denied his right
to appeal because he was not able to review the trial record. On remand, the trial court found, among
other things, that Applicant had been transferred to the Dallas County Jail on May 20, 2004, and
remained there until November 17, 2004. But the trial court made no findings as to whether
Applicant was denied the opportunity to review the trial record after having been transferred to the
Dallas County Jail. Instead, the trial court concluded: "Exactly how Applicant's stay in the Dallas
County Jail affected his appeal in Cause No. F03-34709-UW is unknown." We believe that the trial
court's findings are not sufficient to resolve Applicant's claim.

 In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334
S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact.
Accordingly, the trial court shall make additional findings of fact. The trial court may use any means
set out in Tex. Code Crim. Proc. art. 11.07, § 3(d).

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make additional findings of fact as to whether Applicant was denied his 
right to appeal because he was not able to review the trial record after having been transferred to the
Dallas County Jail. The trial court shall also make findings as to whether the trial record was
forwarded to the H.H. Colfield Unit, where Applicant was incarcerated, shortly before he was
transferred to the Dallas County Jail. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for
habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: December 20, 2006


Do not publish